UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In Re:

DAVID MICHAEL LARSEN,                     Chapter 7

                                          Case No. 09-22963-MDM
                   Debtor(s).

**MEMORANDUM DECISION DENYING DEBTOR'S MOTION FOR
THE APPOINTMENT OF COUNSEL**

The Debtor has filed a Motion for the Appointment of Counsel pursuant to 18 U.S.C. § 3006A and 28 U.S.C. § 1915(e)(1). For the reasons stated below, his motion is denied.

BACKGROUND

Mr. Larsen is presently in the custody of the Wisconsin prison system. This is his second *pro se* bankruptcy case, the first having been dismissed for failure to request or obtain a bankruptcy briefing from an approved credit counseling agency before filing. *See* Case No. 08-33993-mdm-7. He did subsequently obtain the required counseling, and filed the present case, also *pro se*.

Although the debtor claims to have substantial funds in retirement accounts, which he now values at approximately $150,000, neither he nor his attorney-in-fact have access to these funds to obtain bankruptcy counsel. According to Mr. Larsen, this is because the funds are under the control of a receiver appointed by the Circuit Court of Racine County, and they are being used to fund his child support obligations. He lists other assets in his schedules, also unavailable to him. According to his Statement of Financial Affairs, the

1

receiver has been making child support payments from what he claims are exempt retirement funds for well over a year, so presumably the order appointing the receiver and the transfer of the assets pursuant to that order are also over a year old.

Mr. Larsen alleges numerous legal and constitutional defects in the proceeding that parted him from control over his funds, and his stated purpose in filing both of these cases is to remove the receiver and recover control over his exempt retirement funds and other assets. Since he does not have such control, he cannot afford an attorney to help him do so, and he asks this Court to appoint counsel in the bankruptcy case to represent him in this effort.

## DISCUSSION

In support of his motion to appoint counsel, Mr. Larsen cites two statutes: 18 U.S.C. § 3006A and 28 U.S.C. § 1915(e)(1). The first relates to appointments under the criminal code, which has no application in the bankruptcy court. The second, found in the Judicial Code, provides: "The court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1).

The power of a court to appoint counsel under this statute is discretionary, not mandatory. Appointment of counsel in a civil case is not a constitutional right, *Pruitt v. Mote*, 503 F.3d 647, 649, 656-58 (7th Cir. 2007), and all bankruptcy jurisdiction is civil. There is a presumption that the right to appointed counsel "exist[s] only where the litigant may lose his physical liberty if he loses the litigation," *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25, 101 S.Ct. 2153 (1981), or assistance of counsel is warranted by

2

exceptional circumstances. *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990). Obviously, Mr. Larsen cannot lose his liberty in connection with this civil bankruptcy proceeding as he already lost it pursuant to other state court criminal proceedings.

Exceptional circumstances are those "where the facts and legal issues are so novel and complex as to require the assistance of a trained practitioner." *Id.* Several bankruptcy courts have denied the appointment of counsel to represent debtors in bankruptcy cases. *See., e.g., In re Ennis*, 178 B.R. 192, 197-98 (Bankr. W.D. Mo. 1995); *In re Fitzgerald*, 167 B.R. 689, 691 (Bankr. N.D. Ga.1994). While a court may have the discretion to appoint counsel for indigent parties under 28 U.S.C. § 1915(e)(1), there is some question as to whether section 1915 applies to bankruptcy cases. *Cf. Fitzgerald*, 167 B.R. at 691. Even if 28 U.S.C. § 1915(e)(1) applies in bankruptcy court, the section does not authorize expenditure of federal funds to appoint counsel, *Dep't Banking & Finance, State of Nebraska v. Copple*, 84 B.R. 163, 164 (Bankr. D. Neb.1988).

This Court is familiar with the legal issues propounded by the debtor and with what he wishes to accomplish with this bankruptcy case. He is clearly familiar with the standards under Title 28 for appointing counsel. He is aware he must attempt to obtain counsel on his own, and his motion has attached five letters from attorneys declining representation *pro bono*. He stated he contacted a total of ten, all without success. As for novel issues and complexity, he quotes the chapter 7 trustee as saying he had never seen such a case. He believes he needs counsel to serve subpoenas, conduct legal research, investigate, collect data/evidence, and locate persons of interest. Despite his assertions of

lack of training, legal talent, and skill, he cites *Jackson v. County of McLean*, 953 F.2d 1070, 1072 (7th Cir. 1992), for the standards for appointment of counsel in a civil case. His motion states, "If the petitioner establishes that he has made such efforts, the court may then consider the following factors: (1) The merits of the indigent's claim of relief; (2) The ability of the indigent to investigate crucial facts unaided by counsel; (3) Whether the nature of the evidence indicates that the truth will more likely be exposed where both sides are represented by counsel; (4) The capability of the indigent to present the case; and (5) [T]he complexity of the legal issues raised in the complaint." (Debtor's Motion for Appointment of Counsel, dated June 10, 2009, § 5). This is an excellent recitation of what this Court must consider.

Mr. Larsen's request for court appointment of counsel fails on the first consideration, the merits. In a decision in the debtor's previous case, and again in the earlier order in this case denying Mr. Larsen's "Motion to Allow Access to Funds," I stated:

> Under the well settled *Rooker-Feldman* doctrine, a federal court cannot act as an appellate court to a state court, *see Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517 (2005); a disappointed party who believes the state court acted in error must proceed through the state court appellate process.

(Order Denying Debtor's Motion to Allow Access to Funds, Case No. 09-22963, dated May 22, 2009, p. 1, *citing* Memorandum Decision Denying Debtor's Motion for Exemption for Credit Counseling, Case No. 08-33993, dated January 9, 2009, p. 2-3).

Despite this repetition, Mr. Larsen continues to press the same goal, directly by his previous Motion for Access to Funds and indirectly now through a request for

4

appointment of counsel. Again I must state – as clearly as I know how – no matter how defective, wrong, or unfair the state court order might have been (and I have never seen it so I have no opinion of its merits), *there is nothing this court can do to change it*. The only way to change such an order is to appeal it through the state court system, and the time to do that passed long ago. Mr. Larsen does not say if he did appeal or how an appeal was decided (my own search of state court records came up empty), but either way, the order appointing the receiver was final long ago and is obviously still in effect. He argues that he should not have to go back to the very court that ordered the "illegal wholesale seizure" of his assets and denied him due process, but any remedy he might have simply cannot lie in collateral attack in the bankruptcy court. It is final, not reversed or appealable, and binding on this Court.

Moreover, from just the allegations stated by Mr. Larsen, it appears that the state court was acting pursuant to Wisconsin law in appointing a receiver or trustee to secure payment of child support. This is authorized by Wis. Stat. § 767.511(2). Retirement funds, while exempt from recovery by other creditors and for bankruptcy purposes, are available for the payment of child support. Wis. Stat. § 815.18(3)(j)5. There is nothing novel or complex about these issues.

The bankruptcy estate succeeds to any interest the debtor had in property, and it has no greater property interest than the debtor had. 11 U.S.C. § 541. If there are any assets available for the debtor's estate, either nonexempt or partially exempt, they will be recovered and administered by the trustee, not the debtor. If Mr. Larsen had a cause of

5

action resulting from damage to his interests on account of improper transfers, negligent investments, or other malfeasance caused by the receiver, as he alleges, this belongs to the trustee. The trustee would be the one to investigate facts, issue subpoenas and conduct research, not the debtor. He or she can uncover whatever evidence is necessary to conduct appropriate litigation for the recovery of property of the estate. Chapter 7 trustees may have attorneys, either themselves or others, appointed to resolve matters incident to the bankruptcy case, and I am confident whoever is appointed will be competent to deal with any complexities. It would be redundant to appoint counsel for the debtor in estate matters because only the trustee is authorized to deal with them. On the other hand, there is no reason for the trustee to administer exempt assets, because this would be of no benefit to creditors. There would be no bankruptcy jurisdiction over matters relating to recovery of exempt assets as this would not relate to the administration of the estate. *See* 28 U.S.C. § 1334(b), (c). It would not be appropriate for a bankruptcy court to appoint an attorney to represent a debtor in matters that have no bankruptcy purpose.

The other reasons stated by the debtor for seeking the appointment of counsel – no formal legal training and the lack of available funds to pay an attorney – apply to many debtors. Moreover, as demonstrated by the quality of the debtor's written pleadings, it is clear he is capable of representing himself adequately in this matter. There are no exceptional circumstances in this case to justify the appointment of counsel. This Court, therefore, finds there is no cause to appoint an attorney to represent the debtor *pro bono*

6

Case 09-22963-mdm    Doc 28    Filed 06/24/09    Page 6 of 7

*publico.*

Dated at Milwaukee, Wisconsin, this 24th day of June 2009.

_____
Honorable Margaret Dee McGarity
Chief United States Bankruptcy Judge